Filed 9/29/25  P. v. Koshman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C102206 |
| Plaintiff and Respondent, | (Super. Ct. No. 62169541A) |
| v. | |
| LARRY CAMERON KOSHMAN, | |
| Defendant and Appellant. | |

In 2023, the Placer County District Attorney filed a consolidated first amended information, consolidating case No. 62-187558 into this case (case No. 62-169541A). Defendant Larry Cameron Koshman was charged with one count of conspiracy to commit unlawful cultivation of marijuana (Pen. Code[1], § 182, subd. (a)(1); Health & Saf. Code, § 11358, subd. (c)—count one), one count of making a space available for

---

[1] Undesignated statutory references are to the Penal Code.

unlawfully manufacturing, storing, or distributing a controlled substance (Health & Saf. Code, § 11366.5, subd. (a)—count two), and two counts of attempting to dissuade a witness from attending or giving testimony at a trial, proceeding, or inquiry authorized by law (§ 136.1, subd. (a)(2)—counts three & four).  With respect to count one, two overt acts were alleged:  (1) defendant leased two structures to unlawfully cultivate marijuana; and (2) co-defendants Robert Smith, Artemio Silva, and Alfonso Garcia unlawfully cultivated and distributed the marijuana.  It was alleged as to counts three and four that defendant was released from custody on bail or on his own recognizance in case No. 62-169541 when he committed these offenses.  (§ 12022.1, subd. (b).)

Defense counsel filed a section 995 motion to set aside counts two through four, and a motion under section 17, subdivision (b) to reduce the crimes to misdemeanors. The court denied both motions.

Before the case was submitted to the jury, defendant successfully moved pursuant to section 1118.1 to dismiss count four.  The jury convicted defendant of the remaining counts (counts one through three), and found true that he committed count three while he was out on bail or his own recognizance.

Defendant filed a motion for new trial and another motion under section 17, subdivision (b) to reduce his felony convictions to misdemeanors.  The court denied both motions.

The court placed defendant on two years of formal probation subject to terms and conditions including that he serve 180 days in county jail, 30 of which were to be served in custody (with five days credit).  The court allowed defendant to apply for alternative sentencing with respect to the remaining 150 days.

On appeal, defendant:  (1) argues the trial court abused its discretion in denying his pretrial and post-trial motions; (2) argues the trial court abused its discretion by not dismissing all charges contained in the information under section 1118.1 on its own motion; (3) asserts ineffective assistance of trial counsel; and (4) requests we review the

2

record of his previously entered guilty plea and his subsequent motion to withdraw that plea.  We affirm the judgment.

## I.  DISCUSSION

A.    *Motion to Set Aside Counts Two Through Four and Motions to Reduce Crimes to Misdemeanors*

Defendant argues the trial court abused its discretion in denying his motion to set aside counts two through four pursuant to section 995 and his motions to reduce his crimes to misdemeanors pursuant to section 17, subdivision (b).   "Other than a brief mention of the argument, however, he does not expand on the issue with either argument or citation to relevant authority."  (*People v. Hardy* (1992) 2 Cal.4th 86, 150.)  We need not address these bare assertions of error even where the People have chosen to.  (*Ibid*.; *People v. Meyer* (1963) 216 Cal.App.2d 618, 635.)  "To the extent [defendant] intends to incorporate by reference all documents presented to the trial court without now urging any legal issue based on those documents, the attempt fails."  (*People v. Abilez* (2007) 41 Cal.4th 472, 536.)  Defendant also cannot withhold his arguments or citation to authority until reply.  (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)

To the extent we deem the assertion that the trial court "abused [its] discretion by not excluding [certain] recordings, based on this violation of [defendant]'s United States Constitutional Rights and the case law *Massiah*"[2] sufficient to raise this argument on appeal, it is unpersuasive.  As relevant here, in defendant's motion to set aside counts two through four, defense counsel argued counts two and three should be set aside for insufficient evidence.  With respect to count three, defense counsel argued the recorded statements that were the basis for the charges were illegally obtained under *Massiah*.

"In *Massiah* . . . , the high court held that once a defendant has been charged with any crime, any 'government agent[]' who elicits incriminating statements from a

---

[2] *Massiah v. United States* (1964) 377 U.S. 201 (*Massiah*).

3

defendant regarding that crime outside the presence of counsel violates [the Sixth Amendment]. [Citation.] Statements made under such conditions 'are inadmissible at a trial on the charges to which the statements pertain.' [Citation.] This prohibition on government agents applies equally to law enforcement officers and private persons enlisted by the government to elicit incriminating statements. '[T]he primary concern of the *Massiah* line of decisions is secret interrogation by investigatory techniques that are the equivalent of direct police interrogation.' [Citation.]

" 'A trial court's ruling on a motion to suppress informant testimony is essentially a factual determination, entitled to deferential review on appeal.' [Citation.] To prevail, [defendant] must show ' "that the informant (1) was acting as a government agent, i.e., under the direction of the government pursuant to a preexisting arrangement, with the expectation of some resulting benefit or advantage, and (2) deliberately elicited incriminating statements." ' " (*People v. Johnsen* (2021) 10 Cal.5th 1116, 1152.)

Here, defendant's daughter-in-law recorded phone calls with defendant at the request of law enforcement. The trial court found that defendant did not submit sufficient evidence establishing law enforcement or his daughter-in-law took any steps beyond merely listening, and his daughter-in-law did not take any steps to deliberately elicit incriminating information from defendant. The transcript of the recording supports the trial court's findings.

Defendant has not demonstrated the trial court abused its discretion in denying his motion to set aside counts two through four, or his motions to reduce his crimes to misdemeanors.

B.     *Section 1118.1 Motion*

Defendant appears to assert the trial court abused its discretion in not dismissing all charges contained in the information under section 1118.1 on its own motion. "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for

4

decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged . . . if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." (§ 1118.1.)

"We review the denial of a []section 1118.1 motion using the same standard 'employed in reviewing the sufficiency of the evidence to support a conviction.' [Citation.] We thus examine ' "the entire record in the light most favorable to the judgment" ' to determine whether it discloses substantial evidence—' "evidence that is reasonable, credible, and of solid value" '—' "from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' [Citation.] Our review ' " 'presume[s] in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence.' " [Citation.] Even where . . . the evidence of guilt is largely circumstantial, our task is not to resolve credibility issues or evidentiary conflicts, nor is it to inquire whether the evidence might " ' "be reasonably reconciled with the defendant's innocence." ' " ' [Citation.] Instead, we ask whether there is ' " 'substantial evidence of the existence of each element of the offense charged' " ' such that any rational jury may have convicted defendant." (*People v. Veamatahau* (2020) 9 Cal.5th 16, 35-36.)

Defendant addresses only count three. In that count, defendant was charged with attempting to dissuade his son, Robert Smith, from attending or giving testimony at a trial, proceeding, or inquiry authorized by law. (§ 136.1, subd. (a)(2).) Defendant and Smith had both been charged with conspiracy to commit unlawful cultivation of marijuana. Defendant called Smith when he was driving to court. The jury heard the recorded phone call and was given a transcript of the call. In it, defendant accused Smith of getting an offer "to sell [him] out," and Smith responded that he intended to take the plea. Defendant urged him not to: "if you take the plea against me, . . . we're done." Defendant added, "bury me and I'm coming after you." Defendant threatened to disown Smith and not give him a house he was planning to: "just so you know, you're gonna

5

lose hundreds of thousands of dollars yourself." Defendant said, "If you care at all, we go down together or we don't go at all."

On appeal, defendant argues he did not carry through on his threat of denying Smith the house. Further, Smith testified that he was not intimidated by defendant's call. The evidence was nonetheless sufficient to sustain a conviction. The jury was not required to believe defendant's son's testimony but make their own inferences from the recorded call. Regardless, the evidence was sufficient for the jury to conclude defendant had attempted to dissuade his son from testifying under section 136.1, subdivision (a)(2).[3]

C.      *Alleged Ineffective Assistance of Counsel*

Defendant argues his trial counsel provided ineffective assistance. "When challenging a conviction on grounds of ineffective assistance, the defendant must demonstrate counsel's inadequacy. To satisfy this burden, the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. When examining an ineffective assistance claim, a reviewing court defers to counsel's reasonable tactical decisions, and there is a presumption counsel acted within the wide range of reasonable professional assistance. It is particularly difficult to prevail on an *appellate* claim of ineffective assistance. On direct appeal, a conviction will be reversed

---

[3] To the extent defendant suggests the trial court abused its discretion in not setting aside count three under section 995, our conclusion that there was sufficient evidence to support a conviction for count three precludes any assertion that defendant was prejudiced by any error in failing to grant his motion to set aside this count on the basis of insufficient evidence to support the commitment. (*People v. Letner & Tobin* (2010) 50 Cal.4th 99, 140.)

6

for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Defendant argues broadly that "[d]efense counsel did not thoroughly conduct proper cross examination of the prosecutor's witnesses, ignored facts and the circumstances known to him as provided by [defendant], and did not argue the case properly to the jury. He waived opening statements, failed to call any defense witnesses, and failed to introduce any evidence or exhibits." These assertions are supported only by a citation to closing arguments, and a review of counsel's argument does not disclose any basis to conclude defense counsel was deficient in any of the asserted ways.

Before the case was submitted to the jury, defendant successfully moved pursuant to section 1118.1 to dismiss count four. Defendant argues his trial counsel rendered ineffective assistance in not also requesting the dismissal of count three. We are unpersuaded. "Counsel is not ineffective for failing to make frivolous or futile motions." (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) As we have previously explained, moving to dismiss count three would have been futile because such a motion had no merit.

Defendant has not demonstrated his trial counsel rendered ineffective assistance.

D.      *Motion for New Trial*

Defendant argues the trial court abused its discretion by denying his motion for a new trial. We disagree. The motion was based on the allegedly prejudicial admission of evidence regarding the amount ($473,000) of seized assets. The court denied the motion, explaining that none of the grounds set forth in section 1181 had been established.

Section 1181 states that a court may grant a motion for new trial "in the following cases only." "Among these are trial or instructional error, or prosecutorial misconduct

7

(*id*., subd. 5), a verdict contrary to the law or facts (*id*., subds. 6, 7), newly discovered evidence (*id*., subd. 8), and juror misconduct (*id*., subds. 3, 4), including the jury's 'recei[pt] [of] any evidence out of court' (*id*., subd. 2)." (*People v. Ault* (2004) 33 Cal.4th 1250, 1260.)  None of these grounds apply to defendant's motion.

"Although section 1181 states that a defendant's new trial motion may be granted only on the grounds stated in that section, several courts have held that new trials may nonetheless be granted on grounds not enumerated in the statute when necessary to protect a defendant's constitutional right to a fair trial." (*People v. Knoller* (2007) 41 Cal.4th 139, 158.)  The admission of evidence of the amount of the seized assets does not rise to this level.

Further, " '[a] verdict may not be set aside on the basis of the erroneous admission of evidence . . . unless the party asserting error has preserved the question by a timely and specific objection to the admission of the evidence, or by a motion to strike or exclude the evidence.' [Citation.]  '[T]he objection must be made in such a way as to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the People an opportunity to establish its admissibility.' " (*People v. Hayes* (1999) 21 Cal.4th 1211, 1261.)  Defendant did not object to the admission of this evidence at trial.  Accordingly, the trial court did not abuse its discretion in denying the motion for new trial based on the allegedly prejudicial admission of this evidence.

E.      *Objections to Probation Report*

Defendant asserts the trial court abused its discretion by ignoring or not granting his objections to the probation report.  The People did not respond to this argument. Defendant's opening brief contains no argument headings, but we have construed the first sentence of each argument section as the equivalent.  We conclude the People correctly ignored this issue as an improper lurking argument.  (*Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 593, fn. 10.)

8

Moreover, defendant does not identify any legal or factual basis to conclude there was a meritorious "objection" raised in this document. To the extent that in this document defendant argued as mitigating factors that he lacked a serious criminal record, his age, and lack of prior incarceration, there is no indication the trial court did not consider these arguments. Thus, any assertion that the trial court abused its discretion by ignoring or not granting defendant's objections to the probation report are without merit.

F.  *Review of Defendant's Earlier Guilty Plea and Motion to Withdraw Plea*

Defendant "requests a review of the record of his previously entered [guilty] plea, and his subsequent motion to withdraw that plea." Defendant indicates the court granted the motion. The People did not respond to this argument either. Again, the omission is understandable as defendant offers no authority for such a request. Defendant suggests these documents "correctly pointed out [defendant]'s statements and his position on the case relating to his guilt or innocence." He appears to offer these documents as support for his other arguments. Regardless, defendant's assertions are unavailing.

## II.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

FEINBERG, J.

9